O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRI HUNT,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. EDCV 11-1391 RNB<br><br>ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

　　　The Court now rules as follows with respect to the one disputed issue listed in the Joint Stipulation, which is directed to the adverse credibility determination of the Administrative Law Judge ("ALJ").[1]

　　　An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." See Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). Under the "Cotton standard," where

---

　　　[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991).

      Preliminarily, the Court notes that the ALJ's decision reflects that the ALJ was mindful of the two-step process applicable to the determination of the credibility of a claimant's subjective symptom testimony. (See AR 330.) However, nowhere in her decision did the ALJ make an explicit determination with respect to the first step of her credibility analysis (i.e., whether plaintiff had presented objective medical evidence of an underlying impairment which could reasonably be expected to produce some degree of pain and/or other symptoms). (See AR 330-32.) The Court finds that the ALJ's failure to make this threshold determination, especially in light of the fact that plaintiff had several alleged impairments, constituted a failure to apply the correct legal standard in assessing plaintiff's subjective symptom testimony. See Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (to determine whether a claimant's subjective symptom testimony is credible, the ALJ must engage in a two-step analysis, the first of which requires determining "whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged'") (quoting Bunnell, 947 F.2d at 344); Smolen, 80 F.3d at 1281-82 (first stage of credibility analysis involves threshold determination of whether a claimant produced objective medical evidence of an underlying impairment which could reasonably be expected to produce some degree of symptom); see also Craig v. Chater, 76 F.3d 585, 596 (4th Cir. 1996) (reversible error for ALJ to fail to expressly consider threshold question

of whether claimant had demonstrated by objective medical evidence an impairment capable of causing the degree and type of pain alleged).

With respect to the second step of the ALJ's credibility analysis, the ALJ cited two reasons for her adverse credibility determination, the first of which was that the record included repeated references to plaintiff's "heavy alcohol use and daily marijuana use and how they affect her alleged impairments." (See AR 332.) However, plaintiff's history of substance abuse by itself was not a clear and convincing reason to discredit her testimony because it had little bearing on whether plaintiff testified truthfully about her subjective symptoms. See Woodsum v. Astrue, 711 F. Supp. 2d 1239, 1262 (W.D. Wash. 2010) ("discounting plaintiff's credibility because of her substance abuse . . . history was improper, given that it bears little relevance to plaintiff's tendency to tell the truth"). Although the Commissioner cites legal authority for the proposition that a plaintiff's "drug-seeking" behavior toward her physician could be a legally sufficient reason to support an adverse credibility determination (see Jt Stip at 9), there was no evidence of drug-seeking behavior in this case.

The second reason cited by the ALJ to reject plaintiff's testimony was that plaintiff had "a fairly wide range of daily activities, including completing crossword puzzles each day on the computer; doing some housework, cooking, and yard work; and watching television." (See AR 332.) To the contrary, plaintiff testified to performing basic daily activities such as fixing simple meals, doing some chores, bathing, and dressing, often with assistance and always with pain. (See AR 352-55.) The Court fails to see how plaintiff's description of her daily activities, which is uncontradicted by the record, evidenced an ability to perform appropriate work activities on an ongoing and daily basis.[2] See Fair v. Bowen, 885 F.2d 597, 603 (9th

---

[2] The Commissioner defines "regular and continuing basis" as meaning (continued...)

Cir. 1989) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, . . . and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."); see also Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990); Cooper v. Bowen, 815 F.2d 557, 561 (9th Cir. 1987); Vidal v. Harris, 637 F.2d 710, 713 (9th Cir. 1981); Smith v. Califano, 637 F.2d 968, 971 (3d Cir. 1981).

Accordingly, the Court finds and concludes that neither of the reasons given by the ALJ constituted a clear and convincing reason for rejecting plaintiff's subjective symptom testimony. See Cotton, 799 F.2d at 1407; Smolen, 80 F.3d at 1281; Dodrill, 12 F.3d at 918; Bunnell, 947 F.2d at 343.

## CONCLUSION AND ORDER

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at 603; Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

Weighing in favor of a remand for further administrative proceedings here is

---

[2](...continued)
"8 hours a day, for 5 days a week." See Social Security Ruling ("SSR") 98-6p.

the fact that this is not an instance where no useful purpose would be served by further administrative proceedings. Rather, additional administrative proceedings conceivably could remedy the ALJ's failure to make a proper adverse credibility determination.

The Court is mindful of Ninth Circuit case authority holding that "the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); see also, e.g., Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S. 1038 (2000)[3]; Smolen, 80 F.3d at 1292; Varney v. Secretary of Health & Human Servs., 859 F.2d 1396, 1399-1401 (9th Cir. 1988). Under the foregoing case authority, when this test is met, the Court will take the improperly discredited testimony as true and not remand solely to allow the ALJ another opportunity to make specific findings regarding that testimony. However, in Connett, 340 F.3d at 876, the panel held that the "crediting as true" doctrine was not mandatory in the Ninth Circuit. There, the Ninth Circuit remanded for reconsideration of the claimant's credibility where the record contained insufficient findings as to whether the claimant's testimony should be credited as true. See id.

Here, the Court finds that the record likewise contains insufficient findings as to whether plaintiff's testimony should be credited as true. The Court notes in this regard that, although the record indicates that plaintiff has a long history of marijuana

---

[3] In Harman, the Ninth Circuit noted that this three-part test "really constitutes a two part inquiry, wherein the third prong is a subcategory of the second." Harman, 211 F.3d at 1178 n.7.

5

use (see AR 582, 632), she denied any illicit drug use on multiple occasions (see AR 230, 238, 491, 559). Because the ALJ did not rely on this inconsistency as a reason for not crediting plaintiff's subjective symptom testimony, the Court is unable to consider it as a basis for upholding the ALJ's adverse credibility determination. See Connett, 340 F.3d at 874; Ceguerra v. Sec'y of Health and Human Svcs., 933 F.2d 735, 738 (9th Cir. 1991). Nonetheless, it constitutes a consideration militating in favor of the Court exercising its discretion not to apply the "crediting as true" doctrine in this case. The Court therefore has decided to permit the ALJ to reconsider her decision as to plaintiff's credibility about her subjective symptoms. See Connett, 340 F.3d at 876.

Accordingly, IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).[4]

DATED: July 9, 2012

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[4]   It is not the Court's intent to limit the scope of the remand.